On the Merits.
The right of the plaintiffs to recover the joint interest claimed by them in the land described in their petition is unquestionable if they have supported their allegations by proof properly admitted by the court. Defendant denies that such proof has been made.
We think the certified copy of the patent issued by the State to Amédé Oorbelle was properly admitted for the purpose of showing the date of the acquisition of the property by him. This, the plaintiffs inform us, was the purpose of the document. Defendant admits having purchased the property in question from Amédé Oorbelle, and having it still in its possession. By the testimony of its own witness and former manager it has shown that the land was held by their vendor, under a patent which was exhibited to the manager at the time of the first sale, and placed in his possession when the third sale was closed. Both parties claim under the title acquired by Amédé Oorbelle. The plaintiffs do not deny that Oorbelle purchased this property in its entirety, nor do they deny that he could have legally sold in its entirety had not circumstances arising subsequently to its acquisition intervened and changed the legal situation. They simply maintain that after the title had been vested in Oorbelle, the title and ownership of the property had become, so to speak, split into two by the death of his wife — one undivided half remaining in the father,[the other vesting in the heirs of the wife, and that of their portion of this half they have not been divested. It is immaterial to both parties whether Oorbelle bought from the State or from any other person.j^There is nothing set up by either plaintiffs or defend *1473 ant seeking to give to a title acquired from the State a character special or different from one from any other source. All parties rely upon the fact and validity of the title itself.
The issue is not as to the title conveyed to Corbelle, but as to the certain collateral facts which bear upon that title — first the date of the purchase, and next the date of the wife’s death, and the illegal divestiture of the plaintiffs’ rights.
The third section of Act No. 75 of 1880 makes it “ the duty of the Registrar of the Land Office to keep account of the sales of lands which have been donated to the State, in well-bound books, with the number of the certificate issued therefor, setting forth the section, parts of section, township and range, district and parish, to whom and when sold, and for what price * * * which books shall be preserved as official records.”
The law does not fix the form of the entries or of the record here required to be made, but simply declares the facts which must be placed of record. If the registrar places of record the entire patents which have issued, the record is just as legal as if mere memoranda or short notes had been taken and preserved of the data Which the law requires to have perpetuated. The record being official, the registrar was authorized to give a certified copy from it, which was legally admissible for the purpose it was introduced.
The objections raised by appellant to the testimony offered to prove up the act of sale sous seing privé from Mrs. Guillory to Zepherin LeBleu were correctly overruled. Mrs. Guillory is not a party to this suit, and the defendant does not hold under her. Plaintiffs do not sue either the defendant or Mrs. Guillory upon the instrument — quoad defendant the present ownership of the interest' which was inherited by Mrs. Guillory is only incidentally raised, and the parol testimony of a person who saw the parties and the attesting witnesses sign their names was properly received. Green-leaf, Yol. 1, par. 573b.
Defendant, after objecting to this testimony, went very far itself on cross-examination in the direction of proving up the fact which the document evidenced and the document itself.
Defendant claims that this paper does not purport to on its face convey any portion of the interest which Mrs. Guillory inherited from her deceased brother and sister. There was no necessity for her to state in the act the source or origin of her title; it was sufficient *1474 that she owned an interest in the property to the extent conveyed. How she owned it would be a matter of evidence should occasion require proof on that subject. That proof has been made in this case. The remarks.just made apply equally to plaintiff’s pleadings as to this interest. There was no necessity for plaintiff’to set out how the, interest conveyed to Zepherin LeBlue by Mrs. Guillory arose any more specifically than was done in the petition.
Defendant, in its objections to the admissibility of the certified copy mentioned of the patent, urged that the copy was inadmissible until the identity of the Amédé Oorbelle therein named with the Amédé Oorbelle under whom plaintiff’s claim was established. The objection went to the effect of the instrument, not to its admissibility. On the question itself of identity we have not the slightest doubt. The presumption arising from identity of name is fortified by all the facts in the case.
Defendant reserved a bill to the ruling of the District Court refusing to admit the testimony offered by it to prove the value of the improvements which it alleges it placed on the property while in exclusive. possession of the same and remitting the consideration of that question to future actions.
The effect of the judgment rendered by us is to recognize the defendant as a joint owner of the property with the plaintiffs. The defendant occupying that position sues the plaintiffs in reconvention directly for the improvements. The District Court held correctly that whatever claim defendant may have against plaintiffs as arising from the improvements should be urged in another form of action.
Defendant complains of the judgment as between itself and its warrantor to the extent that it did not in terms reserve it a right of direct personal action in warranty against the latter. We think that this reservation x’esulted as the necessax’y consequence of the pleadings and the rulings of the court in respect to the warrantor. The District Court (rightly or wrongly) upon the exception of the curator ad hoc dismissed as issues in the case and from the consideration of the court all moneyed demands against the warrantor on the ground that he was an absentee and could be brought into court only for the adjudication of the question of title. He was held in court exclusively for that purpose, and therefore all personal claims between defendant and the warrantor remained open for future action. There can be no objection, however, to making *1475 the judgment so declare in express terms. We are of opinion that the judgment appealed from was sustained by the law and the evidence.
Eor the reasons herein assigned it is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed with costs in both courts — the right of the defendant, the North American Land and Timber Company, to proceed by direct action in warranty against its vendor, Amédé Oorbelle, being hereby expressly reserved.